### JUAN SYLVAS V. THE STATE.

#### No. 1985. Decided November 6, 1912.

**1.—Murder—Circumstantial Evidence—Charge of Court.**

Where, upon trial of murder, there was direct evidence, there was no error in the court's failure to charge on circumstantial evidence.

**2.—Same—Argument of Counsel.**

See opinion admonishing State's attorneys to keep within the record in their argument to the jury.

**3.—Same—Codefendant—Motion for New Trial.**

Where defendant showed in his motion for new trial that his codefendant had been acquitted two days after defendant's conviction, and that his testimony was material for the defense, the motion should have been granted. Following Chumley v. State, 32 Texas Crim. Rep., 255, and other cases.

**4.—Same—Charge of Court—Principals.**

Although the charge on principals was hardly sufficient, this can be remedied upon another trial.

Appeal from the District Court of San Patricio. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Pope & Taylor,* for appellant.—On question of argument of counsel: Lane v. State, 55, Texas Crim. Rep., 595, 129 S. W. Rep., 353; Waterhouse v. State, 57 Texas Crim. Rep., 590, 124 S. W. Rep., 633; Pace v. State, 58 Texas Crim. Rep., 231, 124 S. W. Rep., 949; Rodriquez v. State, 58 Texas Crim. Rep., 275; Ross v. State, 61 Texas Crim. Rep., 12, 133 S. W. Rep., 688; Harwell v. State, 61 Texas Crim. Rep., 233, 134 S. W. Rep., 701; Clements v. State, 61 Texas Crim. Rep., 161, 134 S. W. Rep., 728; Kirksey v. State, 61 Texas Crim. Rep., 298, 135 S. W. Rep., 124; Hardin v. State, 57 Texas Crim. Rep., 401, 123 S. W. Rep., 613.

On question of excluding testimony of codefendant: Cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of mur-

der in the second degree, his punishment being assessed at five years confinement in the penitentiary.

The motion for new trial complains of the refusal of the court to charge on circumstantial evidence. We are of opinion the court was correct in not charging on this issue, or at least there was no error in failing so to charge. One of the witnesses testified that he saw the defendant and another party holding the deceased while Baldemero Franco was stabbing him with a knife.

There was a bill of exceptions reserved to the statement of the district attorney to the effect "that Justo Cortinez testified to the same facts in the examining trial as he did in this trial." Upon another trial the district attorney should refrain from using such expression. The record shows some difference between the testimony of that witness on the final trial and that delivered by him on the examining trial. Attorneys should keep clearly within the record as to statement of facts in argument to the jury.

Another ground of the motion for new trial shows that two days after the conviction of appellant Baldemero Franco was placed upon his trial and acquitted. An affidavit was attached to the motion for new trial showing that Baldemero Franco testified upon his trial that he killed the deceased, and appellant had nothing to do with it, and was not present. Witnesses testified during the trial to the effect that appellant was not present at the time of the difficulty and did not participate in it. His presence and participancy was an issue before the jury in the final trial of appellant, and decided against him by the jury in their verdict. Franco could not testify at the time of appellant's trial, but subsequent to appellant's conviction he was tried and acquitted. Without stating the facts set out in Franco's affidavit in detail, it is stated, in substance, that he would have testified positively that appellant was not present and had nothing to do with the difficulty, and that he, Baldemero Franco, was engaged in the difficulty with the deceased, and cut him, from which cutting he died. He further states that he killed the deceased in self-defense, and the jury took his view of it upon his trial and acquitted him. This for the first time rendered Baldemero Franco a competent witness in the case. Under the statute he was prohibited from testifying, having been indicted and the indictment still pending for the same offense of which appellant was tried. This testimony was very material to the appellant, and in our judgment the court should have awarded a new trial under a long list of authorities in this State. Chumley v. State, 32 Texas Crim. Rep., 255; Gibbs v. State, 30 Texas Crim. Rep., 581; Helm v. State, 20 Texas Crim. App., 41; Howell v. State, 10 Texas Crim. App., 298; Ellis v. State, 10 Texas Crim. App., 540; Rucker v. State, 7 Texas Crim. App., 549; Brown v. State, 6 Texas Crim. App., 286; Williams v. State, 4 Texas Crim. App., 5; Huebner v. State, 3 Texas Crim. App., 458; Rich v. State, 1 Texas Crim. App., 206.

The law of principals was hardly sufficiently presented in the charge of the court. This, however, will be remedied upon another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*